**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BESTWAY INFLATABLES & MATERIAL CORP.,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>Defendants. | Case No. 1:25-CV-00138<br><br>Hon. Matthew F. Kennelly<br><br>Hon. Magistrate Judge Heather K. McShain |

**DEFENDANT'S EMERGENCY MOTION TO MODIFY THE ASSET RESTRAINT**

NOW COME the Defendant BlueStars ("**Defendant**"), by and through its undersigned counsels, and respectfully request the Court to modify the asset restraint imposed on its businesses.

**BACKGROUND AND PROCEDURAL HISTORY**

On January 7, 2025, The Plaintiff brought another frivolous trademark infringement lawsuit against hundreds of Amazon sellers, including BlueStars, a reputable Amazon store offering more than 2300 parts for various household appliances and equipment. Dkt. No.1; *See* Declaration of Quyền Phạm ¶5. BlueStars, like many other defendants in this case, was sued by the Plaintiff for the mere use of Plaintiff's marks to refer to the Plaintiff's products, which is non-infringing use protected by the fair use doctrine. *See generally*, Dkt. No. 60.

Plaintiff filed a motion for Temporary Restraining Order ("**TRO**") on January 10, 2025, which was granted on February 5, 2025, and initially extended to March 5, 2025. Dkt. Nos. 13, 46 and 50. Plaintiff filed a motion for preliminary injunction on February 26, 2025, to which

BluesStars filed an Opposition to Plaintiff's Motion for Preliminary Injunction (the "**Opposition**") on March 4, 2025. Dkt. Nos. 53 and 60. Following the status hearing held on March 5, 2025, the Court set the Plaintiff's reply due on March 19, 2025, and rescheduled the preliminary injunction hearing to March 24, 2025, the same day to which the TRO was extended.

The core of Plaintiff's TRO is the asset restraint on the BlueStars's store accounts. The asset restraint has curbed withdrawal of any funds from the Defendant's accounts, regardless of whether they derive from lawful sales, allegedly infringing sales, or from future income. BlueStar's total revenue from the allegedly infringing was only $5601.64. *See* Declaration of Quyền Phạm ¶7; Exhibit 1 - BlueStars Total Revenue. In contrast, BlueStars had over $700,000 restrained in its account as of this filing. *See* Declaration of Quyền Phạm ¶9; Exhibit 2 – BlueStars Account Balance as of March 7, 2025. In light of the disproportionate asset restraint imposed, Defendant now asks the Court to modify the injunction to reduce the asset freeze to further the principles of equity.

**CERTIFICATION OF CONFERENCE**

Pursuant to local rules, on March 6, 2025, BlueStars, in good faith effort to resolve this emergency with the opposing counsel, asked if the Plaintiff would agree to stipulate the amount of asset restraint pending the resolution of the preliminary injunction motion, with total sales record presented. As of this filing, Plaintiff has not responded to Defendant.

**ARGUMENT**

**I. Modifying the Asset Restraint is Necessary Because Any Further Dealy Would Unjustly Cause Irreparable Harm to Defendant.**

The legal standard employed for a temporary restraining order is the same as one for permanent injunction. *Mays v. Dart*, 453 F. Supp. 3d 1074, 1087 (N.D. Ill. 2020) (citations omitted). The purpose of a TRO or preliminary injunctive relief is to minimize the hardship to

the parties pending the ultimate resolution of the lawsuit. *See*, *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A preliminary injunction is a drastic remedy, one that should not be granted unless the movant clearly satisfies the burden of persuasion. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Additionally, a preliminary injunction should be tailored to the violation. *Commodity Fut. Trading Comm. v. Lake Shore Asset Mgmt. Ltd.*, 496 F.3d 769, 772 (7th Cir. 2007). Those principles embody the propriety of a restraint modification here.

BlueStars's stores and assets have been restrained since early February of 2025. Not surprisingly, BlueStars's liquidity and its ability to continue operations has been stymied. In fact, these accounts and funds, upon which BlueStars relied to maintain operation and pay its employees, are now severed. This damage to BlueStars epitomizes irreparable harm, *See Win Win Aviation, Inc. v. Richland Cnty., S.C. Sheriff's Dep't*, No. 15-c-50051, 2015 WL 1197534 at *4 (N.D. Ill. Mar. 16, 2015) ("if plaintiff's business was no longer able to continue as a result . . . that would qualify as irreparable harm.").

It would thus be prejudicial to continue denying Defendant access to its revenue derived from lawful sales of products unrelated to the current litigation. Irreparable harm will continue to be inflicted on the Defendant if the onerous injunction is left intact. Such equity, specially caused by a drastic remedy, justifies modifying the asset restraint measures in place.

## II. The TRO Should Be Lifted Immediately, or Alternatively, the Asset Restraint Should Be Limited to Only the Amount Plaintiff May Possibly Recover According to Equitable Accounting of Profits

On March 4, 2025, BlueStars filed the Opposition which explained why Plaintiff failed to meet the fundamental prerequisite for TRO – immediate and irreparable injury. Dkt. No. 60. By reference to and incorporating the analysis in the Opposition, Defendant respectfully asked this Court to lift the entire TRO against BlueStars immediately. Alternatively, BlueStars requests this Court to reduce the amount of asset restraint.

Under the Supreme Court's ruling in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc*., 527 U.S. 308 (1999), asset freezes are limited to preserving the equitable remedy of an accounting for profits. To exempt assets from an asset freeze, "[t]he burden is on the party seeking relief to present documentary proof that particular assets [are] not the proceeds of counterfeiting activities." *Luxottica USA LLC v. The Partnerships & Unincorporated Associations Identified On Schedule "A",* No. 14 C 9061, 2015 WL 3818622, at *5 (N.D. Ill. June 18, 2015); see also*, HD, U.S.A, LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 2021 U.S. Dist. LEXIS 187253, *11, 2021 WL 4459472.

In the present case, BluesStars made approximately total 300 sales of the accused product with total revenue of $5601.64, while the current amount of asset restraint amounted to $717,878.68. *See* Declaration of Quyền Phạm ¶9; Exhibit 1 - BlueStars Total Revenue; Exhibit 2 – BlueStars Account Balance as of March 7, 202. This clearly demonstrates a significant disparity between the restrained amount and the actual sales. The disproportionality warrants a reduction of restrained asset.

BlueStars's actual profits are much lower (or nil) upon further deductions of all direct costs and elimination of refunded orders, but without assuming an undue burden of proof at this stage, Defendant will be satisfied if the Court modifies the preliminary injunction to reduce the frozen assets to $5601.64, which reflects the total amount of revenue.

**CONCLUSION**

The asset restraint improperly suspending the Defendant's account and irreparably impairing its business should be modified to restore equity. Thus, the asset restraint should be lifted for BlueStars immediately, or alternatively, reduced to $5601.64 based on total revenue.

WHEREFORE, Defendant BlueStars requests this Court enter an order granting its Emergency Motion to Modify Asset Restraint and for any further relief the Court deems appropriate.

Date: March 7, 2025

Respectfully submitted,

*/s/ Zhongyi Huang*
Zhongyi Huang, Esq.
NY#5781620
*Admitted to N.D. Ill.*
YZ Law Firm LLP
30 Wall St, Floor 8, 10005
Tel: 702.604.1535
Huang@yzlaw.com

**ATTORNEYS FOR DEFENDANT BLUESTARS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of March 2025, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: *<u>/s/ Zhongyi Huang</u>*

ZHONGYI HUANG, ESQ.